IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES L. WAYNE, <br><br> Plaintiff, <br><br> vs. <br><br> WELLPATH, Medical Provider; SMART COMMUNICATIONS, Inmate Tablet Provider; DOUGLAS COUNTY CORRECTIONS DEPT, Jail/Medical Dept.; and CITY OF OMAHA, Department of Commerce; <br><br> Defendants. | **8:24CV373** <br><br> **MEMORANDUM AND ORDER** |

Plaintiff James L. Wayne ("Plaintiff" or "Wayne") filed his Complaint while he was in the custody of the Douglas County Department of Corrections ("DCDC"). Filing No. 1 at 1, 14. On November 13, 2025, Plaintiff filed a notice of Change of Address, indicating he was incarcerated in the Omaha Correctional Center in the custody of the Nebraska Department of Correctional Services ("NDCS"). *See* Filing No. 16 at 2. The NDCS' online inmate records confirm that Plaintiff remains in NDCS custody at the Omaha Correctional Center. *See* https://dcs-inmatesearch.ne.gov/Corrections/COR_input.jsp (last visited Dec. 22, 2025). The Court now conducts an initial review of Plaintiff's Complaint, Filing 1, to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### I. SUMMARY OF THE COMPLAINT

Construed liberally, Plaintiff brings this action under 42 U.S.C. § 1983 for violations of his civil rights. Plaintiff does not list any defendants in the

caption, but, in his Form Pro Se 1, Complaint for a Civil Case, he lists Wellpath, which he identifies as "Medical Provider;" Smart Communications, which he identifies as the inmate tablet provider; the DCDC; and the City of Omaha Department of Commerce. Filing No. 1 at 2.

Plaintiff alleges that while he was detained at the Douglas County Correctional Center, he started passing copious amounts of blood in his urine, at least once every half hour. Id. at 6. After three or four days, Plaintiff became weak and had problems maintaining consciousness. Id. A concerned unit officer observed Plaintiff and encouraged him to "consult medical." Id.

That day, "medical" contacted Plaintiff and requested a urine sample. Id. Plaintiff provided medical a "specimen jar of pure blood." Id. Plaintiff was immediately transported from the jail to the UNMC emergency room. Id. At the emergency room, Plaintiff was given an MRI, catheterized, and had a liter and a half of blood removed from his bladder. Id. Plaintiff was prescribed medicine, follow-up treatment for the following week, and remained catheterized. Id. Plaintiff was then returned to the Douglas County Jail and placed in the medical unit. Id.

For the next two months, Plaintiff was not given prescribed medicines. Id. at 7. He was also prevented from knowing any of the results, findings, or diagnoses from his lab work. Id. As a result, Plaintiff was forced to pay for his own pain medication and for materials to litigate this action. Id. Plaintiff was granted two, five-day prescriptions of ibuprofen by Dr. Winters, who Plaintiff describes as the attending physician representing provider Defendants Wellpath and Douglas County Jail. Id.

Plaintiff requested, via tablet, relief from Defendants, but received "no measurable response." Id. Plaintiff claims that, upon return from UNMC, he was treated "differently and poorly" by being moved to medical unit 15, with a

2

number of well documented disabilities. *Id.* at 9. Plaintiff claims the Douglas County Jail had his prescribed medication on hand and could have safely dispensed the prescribed medication to Plaintiff. *Id.* Plaintiff claims Defendants remained indifferent by leaving Plaintiff in "very bad pain in [his] groin and bladder until I could borrow or buy something from commissary." *Id.* In so doing, Plaintiff claims Defendants' violated Plaintiff's Eighth Amendment rights. *Id.*

Plaintiff also claims Defendants have "independently and collectively married into an out-of-state, alien corporation which under its umbrella has found a way to thwart and circumvent liability for and Plaintiff['s] enjoyment of U.S. Constitutional protections by changing the traditional landscape of inter and intrastate commerce." *Id.* at 7 (spelling corrected). As explanation, Plaintiff argues that "clear and distinct lines separating inter and intrastate commerce" have now "merged and become blurred by Defendants." *Id.* at 8. Plaintiff claims that Defendants' agreements allow Plaintiff's "intellectual property, personal data, medical records, mental health records, financial records, and virtually every aspect of Plaintiff's life" to be accessed by an "'out of state' corporation that plaintiff never subscribed [to] knowingly, nor had a disclaimer revealed." *Id.*

Plaintiff also states that "Artificial Intelligence (A.I.) located in Florida, and the proliferation of Synthetic Illegal Drugs" have changed the landscape of how traditional business is done in jails, prisons, and courts. *Id.* This change, according to Plaintiff, has rendered the "age-old practice of establishing a 'paper trail' of evidence extinct." *Id.* Plaintiff alleges that he "does not feel at all safe in body or mind with my life, and health being administered from 'something' out-of-state" and claims that he has been harmed because he cannot "discuss personal health issues with eye-to-eye, nor

3

be safe and secure in my person, that data and now documentary evidence is secured in violation of 4TH & 8TH U.S. Amendment rights in Florida." *Id.* at 9-10.

Construed liberally, Plaintiff seeks damages including commissary costs for medication, postage, and paper. *Id.* at 11. He also seeks $750,000 for pain and suffering. *Id.*

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at

849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

As his basis for jurisdiction, Plaintiff alleges only that Defendants violated his constitutional rights. Filing No. 1 at 3, 11. Thus, liberally construing Plaintiff's Complaint, this is a civil rights action filed under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

**A. Claims Against Douglas County Department of Corrections**

Defendant Douglas County Department of Corrections must be dismissed from this action without prejudice because it is not a distinct legal entity subject to suit. *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.,* 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (county jail and sheriff's department not legal entities subject to suit) (collecting cases); *Mixon v. Omaha Police Dep't Officers,* No. 8:17CV325, 2019 WL 2143882, at *2 (D. Neb. May 16, 2019) (county department of corrections not distinct legal entity subject to suit) (collecting cases); *see also Ketchum v. City of West Memphis,*

*Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"). Accordingly, any claims against the Douglas County Department of Corrections are dismissed.

Additionally, to the extent Plaintiff asserts claims against Douglas County, they must also be dismissed. To prevail on a claim against Douglas County, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

Plaintiff's Complaint does not contain any facts from which it might reasonably be inferred that Douglas County had an unconstitutional policy or custom which caused the alleged violations of Plaintiff's rights. *Crumpley Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom."); *see also Iqbal,* 556 U.S. at 679 ("[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)). Accordingly, any claims against Douglas County must be dismissed.

**B. Claims Against Remaining Defendants**

Plaintiff does not indicate how any of the other Defendants were directly involved in the broadly described allegations in the Complaint. A complaint that only lists a defendant's name in the caption without alleging that the

defendant was involved in the alleged misconduct fails to state a claim against that defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"). Other than to state that a doctor with Wellpath prescribed Plaintiff medication, the Complaint makes no other reference to any of the Defendants, let alone allege any constitutional wrongdoing. Accordingly, even under the liberal pleading standard afforded pro se plaintiffs, the Complaint fails to state a claim.

## IV. CONCLUSION

In its present form, Plaintiff's Complaint fails to state a claim against any Defendant. However, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states a claim. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In his amended

7

complaint, Plaintiff must set forth all of Plaintiff's claims (and any supporting factual allegations) against each Defendant. Plaintiff should be mindful to explain in his amended complaint what each Defendant did to him, when each Defendant did it, and how each Defendant's actions harmed him. Plaintiff shall make every effort to name the Defendants by first and last name so that service of process can occur, if warranted.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **January 22, 2026**—amended complaint due.

Dated this 22nd day of December, 2025.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Senior United States District Judge